IN  THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BILLY WAYNE SMITH,                              *

   v.                                              *  CIVIL ACTION NO. JFM-12-2118

PHILLIP MORGAN, et al.,                         *
                                      ******

## MEMORANDUM

On July 13, 2012, petitioner Billy Wayne Smith filed the instant 28 U.S.C. § 2254 habeas corpus application attacking his conviction for armed robbery and related offenses  entered in 2006.[1]  ECF No. 1.   On September 4, 2012, respondents filed an answer which solely addresses the timeliness of petitioner's application. ECF No. 3.  Petitioner was advised of his opportunity to file a reply. ECF No.  4.  This he has done. ECF Nos.  5.

Petitioner pleaded guilty in the Circuit Court for Washington County, Maryland to attempted armed robbery, armed robbery and first degree assault on July 18, 2006.  ECF No. 3, Exs. 1-3.  He was sentenced on the same date to  18 years incarceration.  *Id.*  He did not note an appeal. Accordingly, his convictions became final on August 17, 2006, when the time for filing an application for leave to appeal expired. *See* Md. Code Ann., Cts. & Jud. Proc. Art., § 12-302(e) and Md. Rule 8-104(b) (application for leave to appeal to be filed within 30 days after entry of judgment or order from which appeal is sought).[2]  On  April 27, 2010, petitioner submitted a collateral attack on his conviction pursuant to the Maryland Uniform Post-Conviction Procedure Act, Md. Code

---

[1] The petition, received on July 13, 2012,  is dated July 2, 2012 and is deemed filed on that date.

[2] On November 14, 2006, petitioner filed a motion for modification of sentence which was denied on November 28, 2006.  On January 17, 2007, the docket reflects the court denied a motion for modification of sentence but there is no indication that an additional motion was filed by petitioner.  Id., Ex. 1-3.

Ann., Crim. Pro. § 7-102, *et seq*. *Id*., Exs 1-3. On May 23, 2011, the petition was denied.

Petitioner's timely applications for leave to appeal were summarily denied by the Court of Special

Appeals in unreported opinions filed on June 19, 2012. The court's mandate issued on July 20,

2012. *Id*.

Title 28 U.S. C. § 2244(d)[3] provides a one-year statute of limitations in non-capital cases for

those convicted in a state case. This one-year period is, however, tolled while properly filed post-

conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. §2244(d)(2).

*Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000); *Gray v. Waters*, 26 F. Supp. 771, 771-72

(D. Md. 1998), *app. dismissed*, 178 F.3d 1283 (4th Cir. 1999).

The statute of limitations began to run in petitioner's case on August 17, 2006. Over three

years passed between the time when petitioner's conviction became final and the filing for post

---

[3]This section provides:

> (1)     A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>> (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B)     the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)     the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

conviction relief.  Assuming, arguendo,  petitioner's motions  for modification would serve to toll

the limitations period,[4] the court notes that the instant petition was nonetheless filed over three years

after the limitations period began to run.

In *Holland v. Florida,* --- U.S. ----, 130 S.Ct. 2549 (2010), the Supreme Court concluded that

equitable tolling applies to the AEDPA's statute of limitations. *Id*. at 2554. Specifically, the Court

found that in order to be entitled to equitable tolling, the movant must show (1) that he has diligently

pursued his rights and (2) that some extraordinary circumstance prevented the timely filing.  *Id*. at

2562.  The question of whether equitable tolling applies hinges on the facts and circumstances of

each  particular case.  *See Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000).[5]

Petitioner indicates that his claim should not be time barred because he is ignorant of the law.

Petitioner's pro se status and any attendant  lack of knowledge of the law is not the type of

extraordinary circumstance which would justify equitable tolling.  *See Barrow v. New Orleans S.S.*

*Ass'n*, 932 F. 2d 473, 478 (5th Cir. 1991) (refusing to apply equitable tolling where the delay in filing

was the result of petitioner's unfamiliarity with the legal process or his lack of legal representation).

In short, the court does not find petitioner's arguments for equitable tolling compelling.  *See Rouse*

*v. Lee*, 339 F.3d 238, 248-249 (4th Cir. 2003) (negligent mistake by party's counsel in interpreting

AEDPA statute of limitations does not present extraordinary circumstances warranting equitable

tolling);  *Smith v. McGinnis*, 208 F.3d 13, 18 (2nd Cir. 2000) (*pro se* status does not establish

---

[4] *See Wall v. Kholi*, ____ U.S. ____,  131 S.Ct.1278, 1286 (2011) (holding motion to reduce sentence filed pursuant to Rhode Island law, by state prisoner as a post-conviction motion not part of the direct review process and which required a reexamination of prisoner's sentence qualified a motion for "collateral review" that tolled the one-year statute of limitations under AEDPA.)

[5] *See also Lusk v. Ballard*, 2010 WL 3061482 (N.D.W. Va. 2010) (holding Fourth Circuit's test for equitable tolling, as set forth in *Harris*, remains virtually unchanged after *Holland*.)

sufficient ground for equitable tolling); *Felder v. Johnson*, 204 F.3d 168, 171-173 (5th Cir. 2000)

(lack of notice of AEDPA amendments and ignorance of the law are not rare and exceptional

circumstances that warrant equitable tolling); *Francis v. Miller*, 198 F.Supp.2d 232, 235 (E.D. N.Y.

2002) (ignorance of the law and legal procedure is not so exceptional as to merit equitable tolling).

Therefore, the petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

Under the amendments to Rule 11(a) of the Rules Governing Proceedings under Section

2254 "the district court must issue or deny a certificate of appealability when it enters a final order

adverse to the applicant…If the court issues a certificate, the court must state the specific issue or

issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   In *Slack v. McDaniel*, 529

U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on

procedural grounds without reaching the prisoner's underlying constitutional claim, a COA

[certificate of appealability] should issue when the prisoner shows, at least, that ... jurists of reason

would find it debatable whether the district court was correct in its procedural ruling." *Slack,* 529

U.S. at 484.  Petitioner does not satisfy this standard, and the court declines to issue a certificate of

appealability as required under the Rules Governing Section 2254 Petitions in the United States

District Courts.

A separate Order follows.


  December 20, 2012                          ___/s/_____
Date                                         J. Frederick Motz
                                             United States District Judge

_____